1  **DOLL AMIR & ELEY LLP**
   HUNTER R. ELEY (SBN 224321)
2  heley@dollamir.com
   CONNIE Y. TCHENG (SBN 228171)
3  ctcheng@dollamir.com
   1888 Century Park East, Suite 1850
4  Los Angeles, California 90067
   Tel: 310.557.9100
5  Fax: 310.557.9101

6  Attorneys for Defendant,
   BLUESTEM BRANDS, INC.
7  (erroneously named as Fingerhut
   and all Bluestem company)

8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12 | Jamal Rehman IN              | Case No.
   | Amanda Leon Pro PER          |
13 |                              | **NOTICE OF REMOVAL OF**
   |        Plaintiffs,           | **ACTION TO THE UNITED**
14 |                              | **STATES DISTRICT COURT**
   | v.                           | **FOR THE CENTRAL DISTRICT**
15 |                              | **OF CALIFORNIA UNDER 28**
   | Fingerhut and all Bluestem company, | **U.S.C. § 1441(a), 28 U.S.C. §1331**
16 |                              | **(FEDERAL QUESTION)**
   |        Defendant.            |
17 |                              | [Los Angeles County Superior Court
                                    Case No. EC065447]
18
                                    Complaint Filed: June 24, 2016
19                                  Trial Date:      TBA

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. §1331 (FEDERAL QUESTION)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Bluestem Brands, Inc., erroneously named as "Fingerhut and all Bluestem company" ("Bluestem"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.  JURISDICTION**

1. Bluestem specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiffs Jamal Rehman and Amanda Leon ("Plaintiffs") allege causes of action arising under the federal Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, and the federal Truth in Lending Act ("TILA"), codified at 15 U.S.C. §§ 1602, *et seq.*

**B.  STATEMENT OF THE CASE**

2. On June 24, 2016, Plaintiffs filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, designated as Case Number EC065447 (the "Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders served upon Bluestem in this case is attached hereto as *Exhibit A*.

3. Plaintiffs appear to assert two causes of action, for violation of the TCPA and violation of TILA. (Although Plaintiffs also assert that Bluestem violated "State Usery [*sic*] Laws" and "State Consumer Protection Laws," *see* Compl. at 3, Plaintiffs do not identify the allegedly violated laws.

**C.  BASIS FOR REMOVAL**

4. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because Plaintiffs allege causes of action under the TCPA and TILA, which are laws of the United States.

DOLL AMIR & ELEY LLP

5. Specifically, Plaintiffs' Complaint alleges that Bluestem violated the TCPA by "contacting Plaintiffs over 200 times with . . . non-emergency phone calls from or on behalf of Bluestem Brands Inc[.] between 9/11/2009 and 11/15/14 using an automated telephone dialing system and/or an artificial or prerecorded voice, in an attempt to collect an alleged debt on a Fingerhut, Gettington or Paycheck Direct credit account." Compl., at 2. The Complaint further alleges that Bluestem violated TILA by "targeting low income customers with bad credit (the Plaintiffs Jamal Rehman and Amanda Leon) and charging them higher prices than other websites owned by the same company." *Id.* Adjudication of Plaintiff's Complaint thus requires an analysis and construction of federal law. Accordingly, this Action may be removed to this Court by Bluestem pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claims arising under the TCPA and TILA.[1]

**D.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

6. Removal of this action is timely. 28 U.S.C. §1446(b) provides that a notice of removal must be "filed within thirty [30] days after receipt by the defendant . . . of a copy of [the Complaint]" 28 U.S.C. §1446(b). Although Bluestem has not yet received effective service of the Summons or Complaint in this action, Bluestem received a copy of a subpoena with the Summons and Complaint in this action by

---

[1] Although Plaintiffs do not explicitly allege any state law claim, to the extent they assert any state law claim was alleged in the Complaint, the Court would also have supplemental jurisdiction over any such claim, because it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F. 3d 923, 925 (9th Cir. 2003). Here, any state law claim would be intertwined with and based on Plaintiffs' allegations of wrongdoing under the federal claims arising under the TCPA and TILA, because the above-referenced allegations form the entire basis for the Complaint. The Court should therefore extend supplemental jurisdiction over any state law claims Plaintiffs claim to have alleged via the Complaint.

1  U.S. mail (not certified or registered mail, not accompanied with a notice of
2  acknowledgement and receipt, and not addressed to an individual who may be served
3  on behalf of Bluestem). The subpoena enclosed with the Summons and Complaint is
4  stamped October 12, 2016, and these documents therefore could not have been sent
5  before that date. Even if Bluestem were construed to have been personally served
6  with the Summons and Complaint on October 12, 2016 (it was not), this Notice of
7  Removal would have been filed in accordance with the time period mandated by 28
8  U.S.C. §1446(b) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure.

9      7. Bluestem is the only named Defendant in the action and therefore no
10 consent of additional parties is required.

11     8. Venue lies in the United States District Court for the Central District of
12 California pursuant to 28 U.S.C. §1441(a) because the Action was filed in this
13 District.

14     9. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy
15 of all process, pleadings and orders received by Bluestem from Plaintiffs in the
16 Action are attached hereto as *Exhibit A*.

17     10. Written notice of the filing of this Notice of Removal will be promptly
18 served upon Plaintiffs. Bluestem will also promptly file a copy of this Notice with the
19 Clerk of the Superior Court of California, County of Los Angeles.

20 //
21 //

**WHEREFORE** Bluestem prays that the above Action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed therefrom to this Court.

DATED: November 11, 2016         DOLL AMIR & ELEY LLP

By: */s/ Connie Y. Tcheng*
     CONNIE Y. TCHENG
Attorneys for Defendant,
BLUESTEM BRANDS, INC.
(erroneously named as Fingerhut and all Bluestem company)